RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/22/07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Judy Guilbeau individually and al Trustee of the Robyn Stewart Trust | Civil Action No. 04-0880 |
| | Judge Tucker L. Melançon |
| versus | Magistrate Judge Methvin |
| Provident Life and Accident Ins. Co. | |

## MEMORANDUM RULING

Before the Court is Defendant's Motion For Summary Judgment Pursuant to ERISA Case Order filed by defendant Provident Life and Accident Insurance Company ("Provident") [Rec. Doc. 28], Plaintiff's Memorandum in Opposition to Defendant, Provident Life and Accident Insurance Company's Motion for Summary Judgment [Rec. Doc. 33] and defendant's reply to plaintiff's opposition [Rec. Doc. 38].

*Background*

This action is brought under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq. Plaintiff, Judy Guilbeau, filed this lawsuit on April 16, 2004 seeking life insurance benefits individually and as trustee on behalf of the Robyn Stewart Trust. Guilbeau was designated by her fiancee, Gordon Stewart, as a 60% beneficiary of Gordon's group life insurance policy issued to the

Weir Group, Inc., the parent company of his former employer, Neyfor TurboDrilling Company, Inc. ("Neyfor"). Stewart also named his daughter, Robyn Stewart, a beneficiary with a designation of 40% of the benefits and established a trust in her name. Stewart died on May 24, 2003. Thereafter, Neyfor submitted a statement indicating that Stewart was paid a salary of $2,687.50 semimonthly, or $64,500.00 annually. Provident received a copy of Stewart's Death Certificate on August 25, 2003 and on September 5, 2003, Provident agreed to release life insurance benefits to plaintiff in the amount of $129,000.00, two times Stewart's annual salary of $64,500.00.[1]

On September 30, 2003, Guilbeau telephoned Provident and asserted that the life insurance benefits should be based upon Stewart's annual earnings, which include an additional $39,000.00 (2 X $19,800.00) based on his monthly income of $1650.00 in commissions. Provident advised plaintiff that, pursuant to the terms of the policy, the life insurance benefits were based on Stewart's regular salary and excluded "overtime, bonuses or any other special form of compensation" such as commissions. (Adm. Rec., PLACL00142).

---

[1] The Policy provides "an amount equal to 200% of the employees "BASE ANNUAL EARNINGS."

2

Guilbeau filed the instant lawsuit on April 16, 2004 in the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana. *R. 1.* The suit was removed to this Court on April 22, 2004. *R. 7.* On August 26, 2004, based on a joint stipulation by the parties, the Court ordered that the case be administratively stayed to allow the plaintiff to exhaust her administrative remedies. *R. 10; 11.* The record indicates that during the administrative stay, plaintiff submitted the following documents to Provident: (1) correspondence dated March 10, 2000, to Stewart from Neyfor; (2) correspondence dated August 30, 2002 to plaintiff's counsel from Neyfor; (3) a copy of the life insurance policy, No. P-330, issued by Provident to Neyfor; and (4) a copy of the group long term disability policy, No. 122898-02, issued by Provident to Neyfor. (Adm. Rec., PLACL00182-221). By correspondence dated December 3, 2004, Provident notified plaintiff that its decision to deny payment of addition life benefits based upon the commissions paid to Stewart was unchanged. (Adm.Rec., PLACL 00180-181). On November 9, 2006, the Court granted the parties' joint motion to reopen the case. *R. 12;13.*

Provident filed its response to the Court's ERISA Case Order on December 28, 2006 and plaintiff filed her response on February 26, 2007. *R.20; 26.* The parties filed a joint stipulation that ERISA governs this case, *R. 19*, and in their responses to the ERISA Case Order the parties agree that state claims are preempted under ERISA

and that Provident had discretionary authority to interpret plan terms and make benefit decisions. On March 12, 2007, Provident filed the instant motion for summary judgment pursuant to the ERISA Case Order and plaintiff filed a motion in opposition on April 9, 2007. *R. 28; 33.* Provident filed a reply brief on April 18, 2007. *R. 38.*

*Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. PROC. 56; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial. *Celotex Corp. v. Catrett,* 477 United 317, 324 (1986). As to issues which the nonmoving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's claim. *Celotex Corp.,* 477 United at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party

may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. FED. R. CIV. PROC. 56©; *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party. *Id.*

*Analysis*

In its motion for summary judgment, Provident submits that the issues before the Court are as follows: (1) the completeness of the administrative record; (2) whether all state claims are preempted; and (3) whether the plan fiduciary had discretionary authority.[2] The Court will address each of these issues as follows.

*1. Completeness of the Administrative Record*

In her response to Provident's motion, plaintiff asserts that the administrative record should be supplemented with exhibits A through F attached to Plaintiff's Response to ERISA Case Order. Plaintiff concedes that these documents were not

---

[2] Provident acknowledges that the parties agreed in the ERISA Case Orders as to numbers (2) and (3), but as plaintiff did not stipulate to these issues Provident requests out of an abundance of caution that the Court consider them in the instant ruling and order.

submitted to the plan administrator during the administrative appeal.[3] Plaintiff maintains, however, that the exhibits merely serve as a supplement to the record which will aid the Court in understanding Gordon Stewart's earnings and how these earnings were classified by his employer. The record indicates that exhibits A-F include the following documents:

(A) Correspondence dated March 19, 2002 addressed to Gordon Stewart advising that "the guaranteed commission scheme" was to be extended for another year at a monthly rate of $1,650.50 and that his "annual salary" was to maintained at $64,500.00 per year;

(B) Copy of Stewart's pay check stub indicating "regular" earnings;

(C) Copy of Stewart's pay check stub indicating "commission" earnings;

(D) Copy of Stewart's pay check stub indicating "regular" earnings;

(E) Copy of Stewart's pay check stub indicating "bonus" earnings;

(F) Copy of Stewart's pay check stub indicating "regular" earnings.

R 26, Exhs. A-F.

Provident asserts that the administrative record is complete and exhibits A-F should be barred from review and stricken from the Court's record. Provident notes

---

[3] In plaintiff's response to the instant motion, plaintiff's counsel states that he was not provided the proposed exhibits until after the administrative appeal was completed. R. 33, p.3.

that plaintiff's proposed exhibits are not new information as they are all dated in 2002, two years before the instant lawsuit was filed. Further, Provident maintains that plaintiff failed to present the exhibits to the plan administrator during the administrative appeal in 2004 when she submitted additional documentation which was considered by Provident.[4] Finally, Provident asserts that plaintiff has failed to reference any authority to support her contention that the administrative record should include the information stated in the foregoing. Provident cites *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287 (5th Cir. 1999) (en banc) in support of its position that the administrative record is complete and the documentation asserted by plaintiff should not be included in the record.

When assessing factual questions, the district court is constrained to the evidence before the plan administrator. *Vega*, 188 F.3d at 300. Once the administrative record has been determined, the district court may not stray from it except for certain limited exceptions related to either interpreting the plan or explaining medical terms and procedures relating to the claim. The district court is precluded from receiving evidence to resolve disputed material facts - i.e., a fact the

---

[4] During the administrative appeal, plaintiff submitted the following documents to Provident: (1) a copy of the group long term disability policy, No. 122898-02, issued by Provident to Neyfor (PLACL 00182-202); (2) a copy of the life insurance policy, No. P-330, issued by Provident to Neyfor (PLACL 00203-218); (3) correspondence dated August 30, 2002, to plaintiff's counsel from Neyfor (PLACL 00220); and (4) correspondence dated March 10, 2000, to Stewart from Neyfor (PLACL 00221).

administrator relied on to resolve the merit of the claim itself. *Id.* In *Vega*, the Fifth Circuit held that "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *Id.*

In the case at bar, plaintiff does not deny that she did not present the exhibits at issue to Provident during the administrative appeal or prior to the time the case was reopened by the Court. Moreover, the administrative record considered by Provident contains pay stubs of Gordon Stewart indicating his "regular earnings" as well as his "commissions" and the pay stubs at issue do not alter those already existing in the record. Based on the Fifth Circuit jurisprudence, as well as the procedural history of this matter, the case having been administratively stayed for over two years during which time the plaintiff supplemented the administrative record when it was remanded to the plan administrator for reconsideration, the Court finds that it is precluded from receiving the proposed evidence in order to resolve the disputed factual issue of whether or not Gordon's commissions should be included in the benefit payments. " [W]e will not permit the district court or our own panels to consider evidence introduced to resolve factual disputes with respect to the merits of the claim when that evidence was not in the administrative record." *Vega* 188 F.3d at 300.

## 2. *Preemption of State Claims under ERISA*

The parties do not dispute, and the Court agrees, that the ERISA plan at bar preempts all state laws. ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a). *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1217-1218 (5th Cir. 1992). The words "relate to" are to be given their "broad common-sense meaning" and a state law will be pre-empted "if it has a connection with or reference to such a plan." *Id.*

## 3. *Whether Provident Had Discretionary Authority*

Where a plan grants the administrator discretion to determine claims for benefits, claimants may recover under ERISA only if the administrator's rejection of their claim was an abuse of discretion. *Robinson v. Aetna Life Ins. Co.,* 443 F.3d 389, 395 (5th Cir. 2006). When applying the abuse of discretion standard to factual findings, courts "analy[ze] whether the plan administrator acted arbitrarily or capriciously. A decision is arbitrary when made 'without a rational connection between the known facts and the decision or between the found facts and the evidence.' An administrator's decision to deny benefits must be 'based on evidence, even if disputable, that clearly supports the basis for its denial.'" *Lain v. Unum Life Insurance Company of America*, 279 F.3d 337, 342-43 (5th Cir.2002).

The parties have stipulated that plaintiff's claim against Provident is controlled by the Employees' Retirement Income Security Act, 29 U.S.C. § 1001, et seq. Also, while plaintiff has not stipulated that the plan administrator had discretionary authority under the plan, she concedes same in her response.

## Conclusion

Based on the foregoing, the Court finds that (1) the Administrative Record is deemed complete and the Court will not supplement the instant record with the exhibits at issue; (2) the ERISA plan at bar preempts all state laws; and (3) Provident is vested with the discretionary authority to interpret and construe the terms of the policy and to make benefit decisions.